# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JOHN RAY COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 5:04CV54 |
| | ) |
| DANA-SPICER, INC. d/b/a | ) |
| DANA CORPORATION | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Dana Corporation hereby moves the Court for the entry of a protective order. Defendant seeks the Court's entry of the Protective Order attached at Tab 1.

2. Plaintiff and Defendant, despite repeated good faith efforts to confer and compromise, are unable to agree upon the terms of a joint consent protective order regarding the release of confidential information. (See Certification attached as Tab 2).

3. Plaintiff has alleged causes of action surrounding his discharge from employment with Defendant. The general nature of Plaintiff's complaint is that he contends he was discharged in retaliation for having suffered a worker's compensable injury. Plaintiff has filed causes of action alleging a violation of the North Carolina Retaliatory Discrimination Act (REDA) and public policy wrongful discharge.

4. On August 31, 2004, Plaintiff served Defendant with its First Set of Interrogatories and First Request for Production of Documents. Plaintiff consented to a thirty day extension for Defendant's response thereto.



1

5. On October 12, 2004, during the initial attorney's conference with this Court, Defendant provided Plaintiff with a proposed consent protective order. (Tab 3). The original draft consent protective order provided to Plaintiff permitted disclosure of material designated as "confidential" to: (1) parties to this action and the officers, directors, in-house counsel and their staff, and employees of the parties who are participating in the prosecution or defense of this action; (2) law firms of record of the parties to this action and such firms' attorneys and office staff; (3) independent experts and consultants and their office staff (including in-house experts and consultants) consulted by or assisting a party in this action; (4) court reporters, the Court and the staff of the Court."

6. On November 29, 2004, Plaintiff objected for the first time to the form of the consent protective order provided by Defendant. Plaintiff's objection via facsimile was that: "It is unacceptable at present as it purports to prevent Cole from sharing information with witnesses in the ordinary course of trial preparation and places an undue burden on Cole to mark as confidential medical records which are already confidential."

7. On January 11, 2005, Plaintiff submitted a 1.5 page proposed consent protective order (Tab 4). Upon review of Plaintiff's proposed order, Defendant informed Plaintiff that it was not willing to turn over personnel files including evaluations and disciplinary action, social security numbers, medical records, financial information, and other documentation sought so that Plaintiff could provide such information to "any witnesses" or "good faith potential witnesses." Defendant also informed Plaintiff that the 1.5 page draft consent protective order provided no means to bind those reviewing confidential information to the terms of the order. Those receiving the confidential information would not be required to agree that they are subject to the Court's taking action against them for improper disclosure of the confidential information or

2

other violations of the order. Plaintiff's "witnesses" and "potential witnesses" could review the confidential information, tell anyone they wanted to about it or show anyone the confidential records, and suffer no recourse.

8. On January 20, 2005, Defendant sent Plaintiff correspondence (Tab 5) requesting that Plaintiff review Judge Carl Horn's opinion in *Cason v. Builders Firstsource-Southeast*, 159 F.Supp. 2d 242 (W.D.N.C. 2001) (stating "Although not covered by a *per se* privilege, the undersigned notes that there is a strong public policy against the public disclosure of personnel files.").

    a. Defendant requested that Plaintiff provide authority to show that a Court has ordered personnel files, medical records, and the other information Plaintiff seeks to be released to any "witness" or "potential witness." To date, Plaintiff has failed to provide any such authority to Defendant.

    b. Defendant attached to this correspondence a modified consent protective order that added provisions from the consent protective order entered by Judge Horn in the *Cason* case. Defendant's proposed changes would allow the parties to provide confidential information to individuals not included in Defendant's first proposed consent protective order, while providing a means of protecting the confidential information. Prior to disclosing the confidential information to persons Plaintiff deemed to be "witnesses" or "potential witnesses," Defendant proposed in its draft order that:

> counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made.

3

This language is taken directly from the consent protective order entered by this Court in the *Cason* case. (Tab 6, see page 6, paragraph 10 of attached order).

9. Plaintiff has refused to enter into the consent protective order attached at Tab 5. Instead, Plaintiff has continued to insist on unilateral discretion to provide the highly confidential information he has requested to anyone he deems to be a "witness" or "potential witness" without informing Defendant or the persons whose information is going to be released of the disclosure.

10. During the course of discovery, Plaintiff has requested confidential information, including, but not limited to, personnel files of Defendant's past and current employees, medical and other health related information, compensation plans for certain members of management, and amounts paid to past and current employees for worker's compensation and short or long term disability.

11. For the reasons stated more fully in Defendant Dana Corporation's Memorandum in Support of Motion for Protective Order, Defendant specifically seeks the entry of a protective order before providing confidential information responsive to the following requests from "Plaintiff's First Set of Interrogatories and Request for Production of Documents" (Tab 7, which included Defendant's corresponding responses thereto):

    a. **INTERROGATORY NO. 11:** Identify all individuals who have suffered an injury at the Dana plant in Statesville, North Carolina during the five (5) years next preceding the filing of this lawsuit to the present date and state for each such individual whether they are presently employed by Dana.

    b. **REQUEST NO. 7:** Produce the employee file of every person identified in response to Plaintiff's first set of interrogatories.

12. Defendant also seeks the entry of the protective order protecting it from disclosure of its confidential information before Defendant is obligated to respond to any of the discovery

4

requests from "Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents." (Tab 8). Defendant's deadline for responding to these discovery requests has not yet expired pursuant to an extension agreed upon by the parties. The information sought by Plaintiff in each of these discovery requests is confidential. Defendant is perfectly willing to respond to these discovery requests upon assurance through a protective order that such nonpublic information will be protected from future disclosure. More specifically, these discovery requests are:

    a. **INTERROGATORY NO. 12:** Please state with particularity by year and by category the costs to you and pay outs by you arising from workers' compensation claims at the Statesville, NC Dana plant for each year from 1995 to present.

    b. **INTERROGATORY NO. 13:** Please state with particularity by year and by category the costs to you and pay outs by you arising from short term disability, long term disability and salary continuation at the Statesville, NC Dana plant for each year from 1995 to the present.

    c. **INTERROGATORY NO. 14:** Please state whether and, if so, how Dean Metz's salary, including bonuses and end of year adjustments, is or has been impacted by workers' compensation costs at the Statesville, NC Dana plant at any time from 1995 to the present.

    d. **INTERROGATORY NO. 15:** Please state with particularity by year and category whether, at any time from 1995 to the present, you have required any of your employees to carry short term or long term disability insurance.

    e. **REQUEST NO. 1:** Produce any and all documents indicating, referencing, referring to or setting forth the amount of payouts or costs for workers' compensation claims made at any time from January 1, 1995 to present to employees at your Statesville, NC location.

    f. **REQUEST NO. 2:** Produce any and all documents indicating or setting forth the amount of payouts or costs for short term disability or long term disability claims made at any time from January 1, 1995 to present by employees at Dana-Spicer, Inc.'s Statesville, NC location.

    g. **REQUEST NO. 3:** Produce any and all documents indicating or setting forth the amount of payouts or costs for salary continuation made at any time from January 1, 1995 to present by employees at Dana-Spicer, Inc.'s Statesville, NC location.

5

**h. REQUEST NO. 4:** Produce any and all documents identifying any reportable on the job injury which occurred at Dana-Spicer, Inc.'s Statesville, NC location at any time from January 1, 1995 to the present including but not limited to any and all 300 Logs, 300A logs and any and all documents submitted by you to the North Carolina Department of Labor's Bureau of Consultative Services.

**i. REQUEST NO. 5:** Produce any and all documents, including but not limited to in-house memos, intra office and inter-office communications regarding workers' compensation payments at the Statesville, NC facility at any time from 1995 to the present.

**j. REQUEST NO. 6:** Produce any and all personnel records regarding L. Dean Overcash, Alan Whitlock and Everett Feimster and any and all other personnel records regarding employees which you contend, or expect to contend, received similar treatment to that of John Cole.

**k. REQUEST NO. 7:** Produce any and all documents setting forth, identifying, referencing or referring to the decrease in workers' compensation claims or costs of workers' compensation claims at your Statesville plant from 1995 to the present.

**l. REQUEST NO. 8:** Please produce any and all documents, whether generated by you or not, recognizing your Statesville plant as maintaining an excellent, positive or above average safety rating.

**m. REQUEST NO. 9:** Please produce any and all documents considered by the person or persons (including yourself) conferring the recognition(s) referred to in the immediately preceding Request.

**n. REQUEST NO. 10:** Please produce any and all documents upon which the recognition(s) referred to in Request No. 8 were based.

**o. REQUEST NO. 11:** Produce any and all documents generated by you from January 1, 1995 to the present stating that your Statesville, NC location indicating how many hours or man hours that location had worked without a lost time accident.

**p. REQUEST NO. 12:** Produce any and all documents stating, demonstrating, depicting or setting forth the compensation structure, including bonuses, applicable to Dean Metz at nay time during his employment at your Statesville plant.

**q. REQUEST NO. 13:** Produce any and all documents stating, demonstrating, depicting or setting forth the compensation structure, including bonuses, applicable to plant nurses employed at your Statesville location at any time from January 1, 1995 to the present.

**r. REQUEST NO. 14:** Produce any and all documents identifying the profitability of your self-insured status on an annual basis or otherwise.

6

**s. REQUEST NO. 15:** Produce any and all personnel files and other documents pertaining to proceedings involving any complaint made by any employee of your Statesville plant which included a claim of retaliation for seeing workers' compensation benefits.

13. Defendant also seeks a separate order from this Court completely precluding the disclosure of information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks confidential information regarding Defendant's employees which, for those reasons stated more fully in its memorandum in support of this motion, is not relevant to the issues in this litigation. Defendant seeks this Court's protection from disclosing any of the requested information that does not specifically involve a complaint alleging wrongful termination for seeking worker's compensation benefits.

Plaintiff seeks this Court's protection from Interrogatory number 4 of Plaintiff's "First Set of Interrogatories and Request for Production of Documents" (See Tab 7, including Defendant's response thereto):

a. **INTERROGATORY NO. 4** If you have been accused of wrongfully terminating the employment of <u>any employee</u> at <u>any time</u> during the five (5) years next preceding the filing of this lawsuit, then please state for each such accusation:

(a) The time, date and location of the event giving rise to the accusation;

(b) The circumstances surrounding said event;

(c) Whether a determination of fault was made by any person, and, if so, identify the person making such determination and state what determination was made; and

(d) Whether a settlement regarding the event was obtained, and, if so, by whom and in what amount(s)."

14. Rule 26(c) of the Federal Rules of Civil Procedure authorizes, upon a showing of good cause, courts to issue any order to protect parties and witnesses from annoyance, embarrassment, oppression or undue burden or expense in the discovery process, including an

7

order directing that the discovery may not be had, or that it may be had only on specific terms and conditions. Plaintiff seeks confidential personnel files and information relating to Defendant's past and current employees. "Although not covered by a *per se* privilege, the undersigned notes that there is a strong public policy against the public disclosure of personnel files." *Cason v. Builders Firstsource-Southeast*, 159 F.Supp. 2d 242 (W.D.N.C. 2001) (Tab 9). Furthermore, Defendant should be totally protected through a separate order from responding to Plaintiff's discovery which seeks information that is not relevant to his claims.

WHEREFORE, for good cause shown, Defendant requests that this Court enter the Protective Order attached as Tab 1 and permit Defendant thirty days from the date of the Order to respond to the interrogatories and requests for production of documents referenced in this motion. Defendant requests the Court enter a separate Order protecting if from responding to Plaintiff's Interrogatory Number 4 with regard to all claims which are not for wrongful termination based on the filing for worker's compensation benefits and with regard to the terms of settlement of any claims of wrongful discharge regardless of alleged cause of action. Defendant further requests that it be awarded its costs and reasonable attorney fees incurred in bringing this motion.

This the 1st day of April, 2005.

Respectfully submitted,
**FISHER & PHILLIPS LLP**

By: _____
Kevin J. Dalton (NC Bar No. 24197)

Post Office Box 36775
Charlotte, North Carolina 28236
(704) 334-4565