IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JOHN RAY COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:04CV54 |
| ) | |
| DANA-SPICER, INC. d/b/a ) | |
| DANA CORPORATION ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION FOR PROTECTIVE ORDER

#### I. INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant has moved the Court for the entry of a protective order. Plaintiff and Defendant, despite efforts to compromise, are unable to agree upon the terms of a joint consent protective order. Unfortunately, the parties are at an impasse over the issue regarding to whom Plaintiff may release confidential information. For the sake of protecting its past and current employees and its confidential records, Defendant seeks the Court's assistance in this matter.

Plaintiff will not agree to a protective order that does not allow him unfettered discretion to provide confidential information to anyone Plaintiff deems to be a "witness" or "potential witness" in this matter. Such a provision would permit Plaintiff to release confidential information to any employee or former employee of Defendant, their family members, and a whole litany of individuals.

As discussed in more detail in this memorandum, Defendant seeks to restrict release of confidential information to the parties, their counsel, expert witnesses, the Court, and its staff.

1

Defendant has proposed a consent protective order that would permit the Parties to provide confidential information to other individuals after providing notification to opposing counsel, an opportunity to object to the release, and be subject to the Court's review if necessary.

Counsel for the parties have attempted to resolve this issue through correspondence and telephonically, but are at an impasse. As a result, Defendant seeks the Court's entry of the Protective Order attached as Tab 1 to its Motion for Protective Order.

## II. ARGUMENT

### A. Standard For Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure authorizes, upon a showing of good cause, courts to issue any order to protect parties and witnesses from annoyance, embarrassment, oppression or undue burden or expense in the discovery process, including an order directing that the discovery may be had only on specific terms and conditions, which encompass a designation of the time or place.

Rule 26(c) of the Federal Rules of Civil Procedure provides the following:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; ...
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; .
> . . .

Fed. R. Civ. P. 26(c)

2

In order to obtain a Rule 26(c) protective order, defendant must establish good cause. Normally, in determining good cause, a court will balance the interest of a party seeking to obtain the information against the interest of his opponent in keeping the information confidential or in not requiring its production. *See UAI Technology, Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D. N.C. 1988) (*citing Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)). The court must weigh a need for the information versus the harm in producing it.

Protective orders may be granted for a wide variety of purposes, such as to protect against annoyance, embarrassment, oppression and undue burden, and to prevent harassment. *Id.*; *Rosanna Knitted Sportswear v. Lass O'Scotland*, 13 F.R.D. 325, 326 (S.D. N.Y. 1952). The scope of discovery is not unlimited. "It is well settled that discovery has limits and that these limits grow more formidable as the showing of need decreases." *Eggleston v. Chicago Journeyman Plumbers Local Union No. 130*, 657 F. 2d 890, 904 (7th Cir. 1981).

## B. Background

Plaintiff has alleged causes of action surrounding his discharge from employment. Plaintiff contends he was discharged in retaliation for having suffered a worker's compensable injury. Plaintiff has filed a cause of action under the North Carolina Retaliatory Discrimination Act (REDA) and a cause of action for public policy wrongful discharge.

On August 31, 2004, Plaintiff served Defendant with its First Set of Interrogatories and First Request for Production of Documents. On October 12, 2004, Defendant provided Plaintiff with a proposed consent protective order. It was not until November 29, 2004, that Plaintiff objected to the form of the consent protective order provided by Defendant. Plaintiff's response at that time to the draft order was that: "It is unacceptable at present as it purports to prevent

3

Cole from sharing information with witnesses in the ordinary course of trial preparation and places an undue burden on Cole to mark as confidential medical records which are already confidential."

On January 11, 2005, Plaintiff submitted a 1.5 page proposed consent protective order Upon review of Plaintiff's proposed order, Defendant informed Plaintiff that it was not willing to turn over personnel files including evaluations and disciplinary action, social security numbers, medical records, financial information, and other documentation sought so that Plaintiff can provide it to "any witnesses" and "good faith potential witnesses." This is information that simply cannot be just turned over to any past employee or current employee or anyone else Mr. Cole thinks is a witness and should have access to the information.

Furthermore, Plaintiff's 1.5 page draft consent protective order provides no means to bind those reviewing confidential information to the terms of the order. Those receiving the confidential information would not be required to agree that they are subject to the court's taking action against them for improper disclosure of the confidential information or other violations of the order. Plaintiff's "witnesses" and "potential witnesses" could review the confidential information, tell anyone they wanted to about it or show anyone the confidential records, and suffer no recourse.

On January 20, 2005, Defendant sent Plaintiff correspondence requesting that Plaintiff review Judge Horn's opinion in *Cason v. Builders Firstsource-Southeast*, 159 F.Supp. 2d 242 (W.D.N.C. 2001)(stating "Although not covered by a *per se* privilege, the undersigned notes that there is a strong public policy against the public disclosure of personnel files."). The original draft consent order provided to Plaintiff permitted disclosure of material designated as "confidential" to: (1) parties to this action and the officers, directors, in-house counsel and their

4

staff, and employees of the parties who are participating in the prosecution or defense of this action; (2) law firms of record of the parties to this action and such firms' attorneys and office staff; (3) independent experts and consultants and their office staff (including in-house experts and consultants) consulted by or assisting a party in this action; (4) court reporters, the Court and the staff of the Court."

In its January 20th correspondence, Defendant provided Plaintiff with a modified consent protective order that added provisions from the consent protective order entered by Judge Horn in the *Cason* case. Defendant's proposed changes would have allowed the parties to provide confidential information to individuals who would fall within the "any witnesses" or "potential witnesses" category while providing a means of protecting these private personal records and confidential information. Prior to disclosing the confidential information to those not falling within the four groups above Defendant Dana Corporation proposed that

> counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made.

Plaintiff, however, has rejected each of Defendant's proposed consent protective orders. Plaintiff has failed to provide any additional proposed consent protective orders. Plaintiff continues to insist that the terms of any consent protective order permit him to show the information contained in these personnel files, including financial, familial, medical, disciplinary action, and other confidential information of the company, to any individual Plaintiff unilaterally considers to be a "witness" or "potential witness" to his claims.

Despite Defendant's requests, to date, Plaintiff has failed to provide any authority to show that a Court has ordered personnel files, medical records, and the other information Plaintiff seeks to be released to any "witness" or "potential witness." (See Tab 3 of Motion – letter dated January 20, 2005).

### C. Defendant is Entitled to a Protective Order Prior to Responding to Certain Requests from "Plaintiff's First Set of Interrogatories and Request for Production of Documents.

Defendant specifically seeks the entry of a protective order before providing confidential information responsive to the following requests from "Plaintiff's First Set of Interrogatories and Request for Production of Documents" (Tab 7 of Defendant's Motion for Protective Order). Defendant has copied its timely objections to these discovery requests.

**1. INTERROGATORY NO. 11:** Identify all individuals who have suffered an injury at the Dana plant in Statesville, North Carolina during the five (5) years next preceding the filing of this lawsuit to the present date and state for each such individual whether they are presently employed by Dana.

**ANSWER:**
Defendant repeats its General Objections and further objects to the extent that this interrogatory is vague in the meaning of the term "suffered an injury" at the Dana plant, is ambiguous, overbroad, and unduly burdensome. Defendant objects to this interrogatory on the basis that it is beyond the scope of permissible discovery in that it purports to require disclosure of information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. <u>Defendant further objects to this interrogatory on the basis that it seeks confidential and protected information regarding Defendant's employees or former employees and infringes upon the privacy rights of third parties.</u>

Defendant, without waiving its objections, <u>will supplement this response upon Plaintiff's entering into a Consent Protective Order, a copy of which was previously provided by Defendant's counsel to Plaintiff's counsel on October 12, 2004.</u>

**2. REQUEST NO. 7:** Produce the employee file of every person identified in response to Plaintiff's first set of interrogatories.

**RESPONSE:**
Plaintiff objects to this request on the basis that it is beyond the scope of permissible discovery in that it purports to require disclosure of information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the basis of confidentiality, as the disclosure of information requested infringes upon the privacy

6

rights of third parties, thereby potentially exposing Defendant to liability. Defendant further objects on the basis that Plaintiff's request is overbroad and unduly burdensome. <u>Defendant, without waiving its objections, will supplement this response upon Plaintiff's entering into a Consent Protective Order, a copy of which was previously provided by Defendant's counsel to Plaintiff's counsel on October 12, 2004.</u>

Defendant has been perfectly willing to supplement its responses to interrogatory 11 and request for production number 7 upon Plaintiff's simply signing a consent protective order that adequately protects the highly personal, confidential, and protected information Plaintiff seeks.

The information sought by Plaintiff is clearly confidential and protected. In *Cason v. Builders Firstsource-Southeast*, 159 F.Supp. 2d 242, 247 (W.D.N.C. 2001), this Court stated "Although not covered by a *per se* privilege, the undersigned notes that there is strong public policy against the public disclosure of personnel files. *See Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105-06 (E.D.N.C. 1993) ('It cannot be denied that personal privacy and accurate employee evaluations are important public policy concerns.')."

The financial, familial, medical, disciplinary, and other information contained in the records sought by Plaintiff, as well as the disclosure of the identity of all individuals who have "suffered an injury," warrant protection and limitations on future disclosure as contained in Defendant's proposed Order. This is information which would not be adequately protected if Plaintiff was permitted to disclose it to anyone he deemed to be a "witness" or "potential witness," *i.e.*, any employee or family member of any employee or anyone who claims to have ever heard anything about Mr. Cole or the Statesville plant.

### D. Defendant is Entitled to a Protective Order Before Responding to Plaintiff's "Second Set of Interrogatories and Third Request for Production of Documents."

Defendant specifically seeks the entry of the protective order before responding any of the discovery requests from Plaintiff's "Second Set of Interrogatories and Third Request for

Production of Documents." Defendant's deadline for responding to these discovery requests is currently set for April 1, 2005, and the time has not yet expired.

Each of these discovery requests on its face seeks nonpublic confidential information. Plaintiff had requested personnel files and information relating to the compensation of certain employees. Plaintiff also seeks Defendant's confidential business information, including, but not limited to, information regarding personal and corporate financial information which is nonpublic, personnel information, internal policy or procedure, manpower and other statistics, and further information which is nonpublic and confidential by its very nature.

### E. Defendant is Entitled to a Separate Order Completely Precluding the Discovery of Information Requested in Interrogatory 4 of Plaintiff's First Set of Interrogatories.

Defendant seeks a protective order completely precluding the disclosure of information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks confidential information regarding Defendant's employees which has no bearing upon and which is not relevant to the issues in this litigation. Defendant request the Court issue a separate Order protecting it from being required to disclose such information requested in the following interrogatory:

**Interrogatory No. 4** "If you have been accused of wrongfully terminating the employment of any employee at any time during the five (5) years next preceding the filing of this lawsuit, then please state for each such accusation:

(a) The time, date and location of the event giving rise to the accusation;

(b) The circumstances surrounding said event;

(c) Whether a determination of fault was made by any person, and, if so, identify the person making such determination and state what determination was made; and

(d) Whether a settlement regarding the event was obtained, and, if so, by whom and in what amount(s)."

Defendant's timely response to this interrogatory was:

**ANSWER:**
Defendant repeats its General Objections and further objects to the extent that this interrogatory is vague and ambiguous including, but not limited to, the meaning of Plaintiff's use of the terms "accused" and "[w]hether a determination of fault was made by any person." Defendant objects to the extent that this interrogatory is overbroad and unduly burdensome. Defendant further objects to the extent Plaintiff seeks information protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, the attorney-client privilege, and the work product doctrine. Defendant objects to this interrogatory on the basis that it is <u>beyond the scope of permissible discovery in that it purports to require disclosure of information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent Plaintiff seeks confidential personnel information regarding any current or past employee of Defendant.</u>

Plaintiff has alleged causes of action arising out of his discharge that are based solely on his allegedly suffering a worker's compensation related injury. Allegations against Defendant of wrongful termination by any employee for any reason at any time are not relevant to Plaintiff's cause of action. *Cason v. Builders Firstsource-Southeast*, 159 F.Supp. 2d 242 (W.D.N.C. 2001).

In *Cason*, the plaintiff sought personnel files of various employees, alleging generally that examination of the subject files might reveal a difference in the manner in which the defendant disciplined the plaintiff as opposed to persons outside plaintiff's protected class. This very Court ruled that "the public policy against such production remains paramount." *Cason*, at 248.

Information about the details of other employees' separation from Defendant, or their complaints, if any, is irrelevant to the issues at the crux of Plaintiff's retaliation claim: whether Plaintiff engaged in any protected activity regarding worker's compensation and experienced retaliation as a result.

The Plaintiff in *Cason* also sought records of mediation and settlement of EEOC charges. The Court denied his request, stating:

9

> The undersigned finds, however, that there are significant policy reasons for promoting fair, speedy, and confidential settlements of employment discrimination charges, as well as prompt and effective remediation of discriminatory work environments. Such results will be more difficult to attain if employers believe that such settlement agreements might be subject to disclosure to third parties.
>
> These concerns outweigh Plaintiff's need for any information which might be contained in the settlement documents alone . . .

Similarly, Plaintiff Cole's request for information regarding the existence of or details relating to any settlements by Defendant in the past is improper. Such information is not discoverable for any type of claim.

Plaintiff Cole's requests, or similar anticipated inquiries during depositions, serve no conceivable purpose other than increasing Defendant's litigation costs or harassing the Defendant with regard to unrelated personal details concerning other employees. It is well-settled that other employee complaints are irrelevant to whether a plaintiff suffered from discrimination. *See, e.g., Morse v. Nabisco, Inc.* 1990) WL 139252, *2 (N.D. Ill. Sept. 14, 1990 (court fails to see the probative value in past allegations of age discrimination by other employees, and denies plaintiff's motion to compel production of such information).

Furthermore, the information sought regarding any settlements made in any such claims is not relevant to Plaintiff's cause of action. Federal Rule of Evidence 408 provides that evidence during compromise negotiations is inadmissible to prove liability for the claim or its amount. In addition, facts gathered as an aid to prepare for settlement negotiations have been found inadmissible. *Ramada Development Co. v. Rauch,* 644 F.2d 1097 (5th Cir. 1981).

WHEREFORE, for good cause shown, Defendant requests that this Court grant it the relief outlined in its Motion for Protective Order.

This the 1st day of April, 2005.

                                           Respectfully submitted,
                                           **FISHER & PHILLIPS LLP**

                            By:    _____
                                     Kevin J. Dalton (NC Bar No. 24197)

Post Office Box 36775
Charlotte, North Carolina 28236
(704) 334-4565

11