IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

FILED
STATESVILLE, N.C.

MAY 1 0 2005

U.S. DISTRICT COURT
W. DIST. OF NC

| | |
|---|---|
| JOHN RAY COLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 5:04CV54 |
| | ) |
| DANA-SPICER, INC. d/b/a | ) |
| DANA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

This lawsuit involves claims by John Ray Cole, the plaintiff, alleging that he was wrongfully terminated by Defendant. Defendant has moved for a protective order to ensure that information provided, released, exchanged, or reviewed during discovery is not used or disclosed improperly and to ensure that confidential and proprietary information is sufficiently protected.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

A.  A party or witness may designate as "CONFIDENTIAL" any material, information or documents produced or disclosed in the course of discovery in these cases, if such material, information or documents have been previously maintained by them as "CONFIDENTIAL." The "CONFIDENTIAL" designation may be applied by writing, typing, or stamping on the face of such material, information or document the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL," or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document, or within 30 days of receipt of the deposition transcript. In the event "CONFIDENTIAL INFORMATION" is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such

response, transcript, or exhibit shall be separately bound, and the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" shall be placed thereon.

B. All information produced regarding any current or former employee of the Defendant, including, but not limited to, information regarding investigations, complaints and discipline related to any such employee, and records of payroll, overtime, wages, or hours worked, medical records, and workers' compensation claims, shall be considered as "CONFIDENTIAL" as provided under this Order whether or not such information has been actually marked with the word "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

C. If confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 30-day period for designating deposition transcripts), designate the material as "CONFIDENTIAL INFORMATION." In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

D. Should a party object to the designation of any material as "CONFIDENTIAL INFORMATION" that party may apply to the Court for a ruling on the propriety or legitimacy of the designation. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as confidential as provided in this Order.

E. Except upon further order of the Court, "CONFIDENTIAL INFORMATION," and additional information derived therefrom, shall be disclosed only to the following persons: (1) parties to this action and the officers, directors, in-house counsel and their staff, and employees of the parties who are participating in the prosecution or defense of this action; (2) law firms of record of the parties to this action and such firms' attorneys and office staff; (3) independent experts and consultants and their office staff (including in-house experts and

consultants) consulted by or assisting a party in this action; (4) court reporters, the Court and the staff of the Court.

F. All "CONFIDENTIAL INFORMATION," and additional information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

G. Prior to making disclosures to experts or other persons permitted access pursuant to paragraph E(3) above, the party or counsel shall inform any persons to whom disclosure is made that "CONFIDENTIAL INFORMATION" shall be used for the purposes of the prosecution or defense of this action only, and the party or counsel shall obtain from such persons a written statement in the form of Exhibit A, annexed hereto, to the effect that they have read this Order and agree to be bound by its provisions. The parties or counsel shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all of the written statements signed by those persons. All "CONFIDENTIAL INFORMATION," and any documents containing information derived therefrom, including copies of such documents, shall be returned to the party or counsel by persons given access thereto as soon as practicable.

H. If a party desires to disclose any Confidential Information to any person not described in Paragraph E of this Order, counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed by the parties in writing) of the intent so to disclose, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party

shall bear the burden of moving for resolution of the dispute by the Court in accordance with the procedure set forth in Paragraph I of this Order.

I.  Upon receipt of any material designated as "CONFIDENTIAL INFORMATION," or upon notification at or after any deposition that certain portions thereof are to be designated as "CONFIDENTIAL INFORMATION," counsel for any party may object (the "Objecting Party") in writing to such designation. Upon receipt of such designation or designated material, the Objecting Party shall notify the designating party in writing and the parties will confer as to the status of the subject information proffered within the context of this order. If the parties are unable to concur upon the status of the subject information, any party may raise the issue with the Court within ten days from notification of such disagreement. If the Objecting Party does not move the Court in a timely fashion, the material shall be deemed to have been properly designated as Confidential Information. The Designating Party shall bear the burden of showing good cause for the designation under Rule 26(c)(7) of the Federal Rules of Civil Procedure and this Order. During the period between the initial designation of the material by the Designating Party and the Court's determination of the Objecting Party's timely motion, such material shall be treated like any other material so designated.

J.  Any material, information, or documents identified as "CONFIDENTIAL INFORMATION" which are used in a pretrial motion shall be filed in sealed containers, containing a general description of the contents, and a statement that "The contents hereof are confidential and may be revealed only by the Court or upon prior written consent of [counsel for the party or witness designating the material "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL]". The Clerk of Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to such persons as are permitted access to information under Paragraph E above.

K. With the exception of material, information and documents maintained in sealed records of the Court in accordance with Paragraph J. above, all "CONFIDENTIAL INFORMATION," including documents containing information derived there from and copies of such documents, shall be returned to counsel for the party or witnesses producing such information within 10 days after the final disposition of this action, including the conclusion of any and all appeals. Documents that contain information derived from "CONFIDENTIAL INFORMATION," and any copies of such documents, shall be destroyed within 10 days after the final disposition of this action, including the conclusion of any and all appeals.

L. After the final disposition of this action, including the conclusion of any and all appeals, all "CONFIDENTIAL INFORMATION" maintained in sealed files of the Court in accordance with paragraph I. above shall be returned to counsel for the party or witness filing such "CONFIDENTIAL INFORMATION."

M. Each person who receives "CONFIDENTIAL INFORMATION" submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for purposes of the enforcement of this Order.

N. Nothing in this Order shall prevent disclosure beyond the terms of this Order if Defendant or Plaintiff consents in writing to such disclosure or if the Judge, after notice to all affected parties, orders such disclosure. This Order also shall not limit Defendant's right to use its own Confidential Information in any manner it chooses.

O. The provisions of this Order shall not affect the manner of receipt or admissibility of evidence at a hearing, deposition, trial or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information, or testimony.

**IT IS SO ORDERED.**

_Carl Horn, III_
Honorable Magistrate Judge Carl Horn III

_May 9, 2005_
Date

# EXHIBIT A

Agreement concerning material covered by a Protective Order entered by the United States District Court for the Western District of North Carolina.

The undersigned hereby acknowledges that she/he has read the Protective Order entered by the Court on _____, 2005, in the civil action entitled *John Ray Cole v. Dana –Spicer, Inc. d/b/a Dana Corporation,* Civil Action No. 5:04CV54, that she/he understands the terms thereof, and she/he agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and that the jurisdiction of the Court regarding that Order survives any settlement, discontinuance, dismissal, judgment or other disposition of this action.

_____    _____
(Date)                                                    (Signature)